[No. 3836–II. Division Two. June 8, 1981.]

SIMON MARKLAND, *Respondent*, v. NEIL WHEELDON, ET AL, *Appellants*.

518

*D. Bruce Morgan,* for appellants.

*George F. Hanigan,* for respondent.

PETRICH, J.—This is an appeal by a real estate contract purchaser from a judgment declaring forfeiture of a real estate contract and awarding the seller damages for unlawful detainer.

On June 29, 1973, Simon Markland, plaintiff, sold defendants Neil and Joan Wheeldon a Wahkiakum County farm under a real estate contract. Under the terms of the contract, $10,000 of the $40,000 purchase price was paid at the time of the signing of the contract; the remaining part of the purchase price was to be paid in monthly installments of $253.19 each. The contract required defendants to seasonally pay all taxes and assessments, maintain fire insurance on all improvements located on the property and keep the property free from all liens. Time was of the essence and, under the provisions of the contract, plaintiff was given the right to terminate the contract and retake possession of the property if defendants failed to perform any of the conditions set forth in the contract.

From June 29, 1973 until November 1975, defendants made installment payments on a regular basis. No payments were made in November or December 1975, January, February, or March 1976. In April 1976, defendants paid the April payment and the amounts due for the preceding 5 months. In 1977, defendants' payments again became delinquent. The last payment made was for March 1977. Defendants also failed to seasonally pay the taxes and maintain insurance. Defendants paid neither the taxes nor flood control assessments for 1974, 1975, 1976 or 1977. In

May 1977, insurance on the barn was terminated because of the condition of the barn.

On July 24, 1977, plaintiff sent defendants a letter advising them that he would begin "foreclosure procedures" if the delinquent installment payments, unpaid taxes, and insurance premiums were not paid by August 15, 1977. On July 26, 1977, plaintiff instructed his depositary bank not to accept further payments from defendants. On July 28, 1977, the bank refused a partial payment of $639.19 tendered by defendants. On August 25, 1977, plaintiff's attorney prepared and served defendants with a notice of intent to declare forfeiture and cancel the contract. The notice informed defendants that they were in default for the following reasons: failure to pay installments totaling $1,519.14; failure to pay taxes and assessments totaling $1,351.98; failure to keep the buildings in good repair and prevent waste; and failure to keep the property free of liens. The notice also informed defendants that a forfeiture would be declared if these defects were not cured by September 29, 1977. On September 30, 1977, defendants tendered an unsigned cashier's check in the amount of $1,519.14 to plaintiff's attorney, who retained the check but did not negotiate it or give defendants the impression that the tender cured the defaults. On October 10, 1977, plaintiff issued a declaration of forfeiture and cancellation of the contract requiring defendants to surrender the property by October 15, 1977. Defendants did not comply with this notice.

Plaintiff filed this suit in the Wahkiakum County Superior Court in December 1977, seeking forfeiture of the real estate contract and all payments made under the contract, a writ of restitution, damages for unlawful detainer, and costs and attorney's fees. The court declared a forfeiture as of October 14, 1977, returned possession of the property to plaintiff, and allowed retention of the payments made by defendants as liquidated damages. The court also awarded plaintiff a judgment in the amount of $221 for insurance premiums paid by plaintiff, costs and attorney's fees, and

awarded plaintiff damages for unlawful detainer from October 15, 1977, in an amount twice the rental value of the property. In the alternative, the court granted defendants 45 days in which to pay the contract balance, prejudgment interest from April 1977, unpaid insurance premiums plus interest, the amount of the unlawful detainer with interest, and costs and attorney's fees in exchange for a conveyance from plaintiffs. Defendants did not tender any part of the amount specified in the alternative judgment.

Defendants first assign error to the court's declaration of forfeiture. Defendants claim that the declaration was improper because, *inter alia,* none of the alleged defaults was sufficient to sustain a forfeiture, plaintiff waived his right to declare forfeiture by receiving and holding the unsigned cashier's check, and plaintiff, by reason of his conveyance of an easement to the public utility district, was unable to perform his own obligations under the contract.

All of these contentions are without merit. Although forfeitures are not favored in law, the vendor under a real estate contract is entitled to exact compliance with the contract and a forfeiture can be declared upon default. *John R. Hansen, Inc. v. Pacific Int'l Corp.,* 76 Wn.2d 220, 455 P.2d 946 (1969); *Dill v. Zielke,* 26 Wn.2d 246, 173 P.2d 977 (1946). A forfeiture can be declared where installment payments are in default, where the purchaser fails to comply with contract provisions requiring him to pay taxes or maintain insurance, or where the purchaser commits waste. *John R. Hansen, Inc. v. Pacific Int'l Corp., supra.* In this case the trial court found that defendants were in default in the payment of the monthly installments, failed to pay taxes and maintain insurance, and committed waste. Any one of these findings was sufficient to support the declaration of forfeiture. Our review of the record shows that each of the trial court's findings was supported by substantial evidence.

Plaintiff did not waive his right to declare forfeiture by retaining the cashier's check. First, the check tendered by defendants was unsigned and therefore did not amount

to a payment or tender of payment. Second, plaintiff's attorney expressly stated that he held the check only to facilitate a settlement, not as acceptance of a partial payment. Third, the check was not for the full amount owed; there was no tender of the amount owing for taxes or insurance. Nor did plaintiff waive his right to declare forfeiture when, on May 12, 1977, he granted an easement for a waterline to the Western Wahkiakum Water System. Such easement was granted after the real estate contract was recorded and was, therefore, ineffective as to the defendants. *Spokane v. Catholic Bishop,* 33 Wn.2d 496, 206 P.2d 277 (1949).

Although the trial court did not err in declaring the contract forfeited, it did err in making its award of certain damages to plaintiff. Paragraph 5 of the contract provides in part that

the seller may elect to declare all of the buyer's rights . . . terminated, and upon so doing all payments made . . . and all improvements place[d] upon the premises shall be forfeited to the seller as liquidated damages, and the seller shall have the right to re-enter and take possession of the property; and if the seller, within six months after such forfeiture, shall commence an action to procure and [sic] adjudication of the termination of the buyers' tights [sic] hereunder, the buyers agree to pay the costs and expenses of such action and reasonable attorney's fees.

The trial court awarded plaintiff all payments made by defendants to plaintiff as liquidated damages plus a judgment in the amount of $221 for insurance premiums (plus prejudgment interest on this amount), and $1,954.95 for attorney's fees and costs of suit. The award of $221 for reimbursement of insurance premiums plus prejudgment interest was improper. This was not an amount paid by the buyers to the seller or a cost of suit. *See, e.g., Trans W. Co. v. Teuscher,* 27 Wn. App. 404, 618 P.2d 1023 (1980).

The trial court also erred in awarding plaintiff damages for unlawful detainer. Plaintiff based his claim for unlawful detainer on paragraph 4 of the real estate contract. That

paragraph provides:

> It is understood and agreed that the buyers may use and occupy said premises during compliance with the terms hereof, but if default of any condition herein shall be made and the buyers are permitted to remain in possession, the buyers shall be considered to be tenants of said premises from month to month and shall be entitled to only such notice to vacate as is provided by law, and such notice to vacate shall be deemed to be a declaration of the termination of this contract, . . .

The trial court found that defendants had unlawfully detained the premises since October 15, 1977, and awarded plaintiff damages in the amount of twice the reasonable rental value of the premises.

The trial court did not have jurisdiction to award plaintiff damages for unlawful detainer. An unlawful detainer action is a special proceeding. As such, there must be substantial compliance with the requirements set forth in the statute. *Sowers v. Lewis,* 49 Wn.2d 891, 307 P.2d 1064 (1957); *Kelly v. Schorzman,* 3 Wn. App. 908, 478 P.2d 769 (1970). The statute requires a special form of summons. *See* RCW 59.12.070 and RCW 59.12.080. No such summons was used in this case. Because plaintiff employed the general form of summons, the trial court did not have jurisdiction to proceed under the unlawful detainer statute and its award of damages based on such statute was improper. *Kelly,* 3 Wn. App. at 912–13. It would have been proper, however, to award reasonable rental value for the period the premises were withheld after forfeiture.

The trial court's inclusion of damages for unlawful detainer in its alternative judgment does not, however, invalidate the alternative judgment. As grace periods are granted as a matter of equity, *see Moeller v. Good Hope Farms, Inc.,* 35 Wn.2d 777, 215 P.2d 425 (1950); *Ryker v. Stidham,* 17 Wn. App. 83, 561 P.2d 1103 (1977), parties seeking to take advantage of such grace periods must act in good faith. In this case, defendants did not tender any of the amounts required by the alternative judgment, even those amounts not challenged in this appeal. Having failed

to do so defendants are not entitled to relief.

We have carefully reviewed defendants' other assignments of error and find them without merit.

The judgment terminating defendants' interest in the real estate, vesting interest therein to plaintiff, and awarding judgment for attorney's fees and costs, is affirmed. Having failed to take advantage of the grace period to avoid forfeiture, defendants are not entitled to any additional grace period. The judgment in the amount of $221 for unpaid insurance premiums plus prejudgment interest is reversed. The judgment for twice the reasonable rental value for holding over beyond the forfeiture to date of repossession is modified so as to award only the reasonable rental value as previously determined from date of forfeiture to surrender of possession, and the matter is remanded to the trial court for the purpose of determining the period to which this reasonable rental shall apply.

REED, C.J., and PEARSON, J., concur.

Reconsideration denied August 24, 1981.

Review denied by Supreme Court November 19, 1981.