Mary Pearl GOTHARD, Appellant,

v.

MURPHY OIL CORPORATION,
Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 5, 1983.

Permission to Appeal Denied by
Supreme Court Oct. 31, 1983.

Mary Ann Green of Green & Gothard,
Chattanooga, for appellant.

George L. Foster of Hall, Haynes, Lusk &
Foster, Chattanooga, for appellee.

OPINION

PARROTT, Presiding Judge.

Appellant, Mary Pearl Gothard, brought
this declaratory judgment action seeking to
modify or reform a lease agreement entered
into by plaintiff and her late husband on
August 9, 1966, with the defendant, Murphy
Oil Corporation.

The complaint alleges that the original
lease provided a basic term of 15 years,
beginning November 1, 1966 and ending
October 31, 1981, with the defendant given
an option at the expiration of the original
term for three additional terms of five
years each by giving written notice more
than 30 days prior to the expiration.

On October 28, 1966, because of a delay in
construction, the parties entered into an
amendment to the lease which changed the
beginning and ending dates of the basic
term. The amendment had the commence-
ment date of the lease as January 1, 1967,
and the expiration on December 31, 1982.
The amendment provided that except as
specifically amended, said lease shall contin-
ue in full force and effect in accordance
with the terms, provisions, and conditions as
contained in the lease. The amendment did
not change the original payment schedule
of 180 monthly payments. The complaint
contends that the amendment's change in
the termination date was an inadvertence
and mistake which, if effective, would ex-
tend the lease for 16 years instead of 15
years when the intention of the parties at
all times was that the lease was for a period
of 15 years. The complaint asks the court
to cancel the lease and place the complain-
ant in possession of the property.

The chancellor found the lease was
not ambiguous. We disagree with the
chancellor on the question of whether or
not the lease is ambiguous. To us there is a
patent ambiguity in the lease because it is
undisputed that the 15-year term commenc-

es on January 1, 1967; thus, it would necessarily expire on December 31, 1981, and not as the amendment describes, ending December 31, 1982. Further, we note that the amendment did not change the monthly payment schedules which are for a period of 15 years instead of 16 years.

We find at least two cases dealing with similar ambiguities. In the case of *Klein v. Miles,* 35 A.2d 243 (1944), the one-year lease contained a similar ambiguity. The term began on December 15th and, as the court said, would necessarily expire on December 14th. Yet the lease described the term as ending on December 15th. In reaching the above conclusion the court said:

> In the construction of a contract the primary rule is that the court endeavor to ascertain the substantial intent of the parties as expressed by their language; and we think it is evident that the parties intended to create a term of one year beginning December 15, 1941, and did not intend, as the tenant maintains, to create a term of a year and a day. In our opinion the expressions "one year" and "commencing on the 15th day of December, 1941," outweigh the expression "ending December 15, 1942." Moreover, the rent was payable in twelve monthly installments, indicating that the term was for twelve months.

In *Schorzman v. Kelly,* 71 Wash.2d 457, 429 P.2d 217 (1967), the Supreme Court of Washington considered a case very similar to this case. In that case the lease contained the words "for ten years" with an unquestioned commencement date of January 1, 1956, and the termination date in the lease was December 31, 1966. The court held that the lease terminated on December 31, 1965, and not December 1966 as stated in the lease. The court said: "In case of an inconsistency between words and figures in a contract the words govern." 17A C.J.S. Contracts § 311. The court went on further to find that the words "for ten years" in conjunction with the unquestioned commencement date, January 1, 1956, outweigh the expression of the ending date. The court cited *Klein v. Miles, supra,* and quoted the portion of that opinion quoted in this opinion.

 We think the reasoning in these two opinions is sound and is applicable to this case. We adopt their reasoning. Thus it is our holding that the lease in this case terminated on December 31, 1981, and that Murphy Oil Corporation did not exercise its option to renew the lease within the provisions of the lease. Therefore, the lease is cancelled and the lessor is entitled to the premises.

We reverse the chancellor's decree and remand the cause for entry of a decree not inconsistent with this opinion. Let the costs be taxed to appellee.

GODDARD, J., and KIRBY MATHERNE, Special Judge, concur.

## OPINION ON PETITION TO REHEAR

PARROTT, Presiding Judge.

Murphy Oil Corporation has filed a petition to rehear, which the Court has considered and found to be without merit. Accordingly, the petition to rehear is denied at the cost of petitioner.

GODDARD, J., and KIRBY MATHERNE, Special Judge, concur.