[No. 10505–5–II.   Division Two.   May 25, 1988.]

CHARLES M. POWELL, JR., ET AL, *Appellants,* v. DAVID G. MOSS, ET AL, *Respondents.*

*Reed V. Hadley,* for appellants.

*Alan L. Engstrom* and *Calbom, Pond, Falkenstein, Warme & Engstrom,* for respondents.

ALEXANDER, J.—Charles and Julie Powell appeal a judgment of the Cowlitz County Superior Court confirming forfeiture of their interest, as purchasers, in a real estate contract. The Mosses cross–appeal the trial court's refusal to award them a larger sum for attorney fees than it did. We reverse the trial court, concluding that the notice of forfeiture given by the contract sellers, David and Linda Moss, was not in compliance with the requirements of the Real Estate Contract Forfeiture Act, RCW 61.30. We dismiss the cross appeal.

In 1977 the Powells, together with a partner, agreed to purchase a building in Castle Rock from the Mosses. The building housed a grocery business, which the Powells and their partners also agreed to purchase. Thereafter, the Powells acquired their partners' interest in the real estate contract and grocery business.

In November and December 1985, the Powells failed to make installment payments of $635, which they were required to pay pursuant to the terms of their contract with the Mosses. On December 16, the Mosses sent the Powells a notice entitled a "Notice of Intent to Declare Forfeiture of Real Estate Contract." On December 26, the Powells tendered their November payment and the Mosses accepted it.

On January 7, 1986, the Mosses issued a new notice to the Powells of their intent to declare forfeiture of the contract, unless all the payments specified in the notice to be due were fully paid "before 90 days after the recording of this notice." The notice specified that the December 1985 installment payment was still due and it demanded, as an additional condition of reinstatement, attorney's fees of $500. The notice also described the amount that would be due if payment was made at different times during the succeeding 3 months, to wit: $1,135 would be due as of January

7; $1,770 would be due if the Powells paid on January 10; $2,405 would be due if they paid on February 10; and $3,040 would be due if they paid on March 10. The January 7 notice was accompanied by a letter from the Mosses' attorney, Chris Roubicek.

On January 20, the Powells tendered the December payment of $635 to the Mosses, and, again, it was accepted. On March 3, Julie Powell met with attorney Roubicek, who told her that even if all of the delinquent payments described in the notice were paid, another regular installment payment would be due on April 10.

On April 8, Roubicek filed with the Cowlitz County Auditor, on behalf of the Mosses, a declaration of forfeiture of the Powells' interest in the contract. On April 9, the Powells telephoned Roubicek to inquire as to the amount then due to bring the contract current. Roubicek told the Powells that their rights under the contract had been terminated. The Powells immediately obtained an attorney, and the attorney tendered the sum of $3,076.43[1] to Roubicek. Roubicek refused the tender.

The Powells then commenced this action in Cowlitz County Superior Court to set aside the forfeiture and at the same time, deposited $2,576.43 into the registry of the court. The Mosses answered and counterclaimed for attorney's fees. After a bench trial, the trial court entered findings of fact.

The trial court concluded that it was bound by the provisions of the recently enacted Real Estate Contract Forfeiture Act, RCW 61.30, and that it was, therefore, precluded from granting the Powells any equitable relief, such as a grace period within which to reinstate the contract or pay the balance in full. The trial court also concluded that the notice given to the Powells of the Mosses' intent to declare the contract forfeited was materially in compliance with the requirements of RCW 61.30.070. Consequently, the trial

---

[1]This amount was greater than the total of the then delinquent payments and the $500 attorney's fee.

court denied the Powells any relief except that it ordered the Mosses to reimburse the Powells for their November and December payments. The Mosses also were awarded attorney's fees of $500.

The Powells have set forth numerous assignments of error. Their chief assignments of error are that (1) RCW 61.30, if applied retroactively, unconstitutionally impairs obligations of the Moss–Powell contract; and (2) the Mosses' notice of intent to declare forfeiture of January 7, 1986, was not in compliance with the requirements of RCW 61.30.070. In either case, they argue, the forfeiture should be set aside.[2] We find it necessary only to discuss the notice issue.

The Powells argue that even if the Real Estate Contract Forfeiture Act applies in this case, the Mosses failed to observe the notice requirements of the act and the forfeiture, therefore, cannot stand. We agree.

The Powells assert, specifically, that the notice of intent to declare forfeiture given to them by the Mosses is lacking in that it did not contain (1) the name, address and telephone number of the seller's agent; (2) a date certain for forfeiture; (3) a date certain on which the Powells were to surrender possession; (4) a date certain by which the Powells must seek an extension or contest the forfeiture; (5) an address or location where the payments were to be made. Pursuant to RCW 61.30.070, all of the above information

---

[2]The Powells' right to challenge the forfeiture for noncompliance with notice requirement arises from former RCW 61.30.110(3), which provides:

"(3) *The forfeiture may be restrained or enjoined when the person bringing the action proves that there is no default* as claimed in the notice of intent to forfeit or that the purchaser has a claim against the seller which, if successful, would release, discharge, or excuse the default claimed in the notice of intent to forfeit, including by offset, or that *there exists any material noncompliance with this chapter.* The time for cure may be extended when the default alleged is other than the failure to pay money, the nature of the default is such that it cannot practically be cured within the time stated in the notice of intent to forfeit, action has been taken and is diligently being pursued which would cure the default, and any person entitled to cure is ready, willing, and able to timely perform all of the purchaser's other contract obligations." (Italics ours.)

must be included in a notice of intent to forfeit.[3] The Mosses contend, however, that they materially complied with the notice requirements.

In determining whether or not there has been material noncompliance with the act's notice requirements, so as to authorize restraint of the forfeiture, we conclude that the best rule is to require a party seeking forfeiture to substantially comply with the notice requirements of the act. While under that standard not every defect in a notice would be deemed noncompliant to the degree that the forfeiture should be set aside, we believe the notice requirements, which have been so clearly enunciated by the Legislature, should be enforced by restraint of the forfeiture where the defect is significant.

Here, all of the Powells' assertions about the deficiencies in the notice find support in the record. However, several of the deficiencies in the notice of forfeiture are clearly insignificant, even viewing the statutory requirements strictly. For example, the Powells can hardly complain that they did not know where to make their payments or that they were

---

[3]Former RCW 61.30.070 provides, in pertinent part:

"(1) The notice of intent to forfeit shall contain at least the following:

"(a) The name, address, and telephone number of the seller and, if any, the seller's agent or attorney giving the notice;

" . . .

"(e) A statement that the contract will be forfeited by a date stated in the notice which is not less than ninety days after the notice of intent to forfeit is recorded or any longer period specified in the contract or other agreement with the seller;

"(f) A statement of the effect of forfeiture, including, to the extent applicable and provided in the contract . . . (v) the purchaser shall be required to surrender possession of the property, improvements, and unharvested crops to the seller ten days after the forfeiture;

" . . .

"(i) A statement that the purchaser or any person claiming through the purchaser has the right to contest the forfeiture or to seek an extension of time to cure the default, or both, by commencing a court action prior to the effective date of forfeiture; and

"(j) Any additional information required by the contract or other agreement with the seller and any additional information the seller elects to include which is consistent with this section and with the contract or other agreement with the seller."

prejudiced in any way by the failure of the Mosses to set forth the name, address and telephone number of their agent. The Powells had made numerous payments to the Mosses in the past, and the Mosses' attorney, Roubicek, sent a letter along with the second notice of intent to declare forfeiture, which contained his address.

We believe, however, that several of the alleged defects in the notice of intent to forfeit are significant. First, we view the fact that the notice did not contain a date certain on which forfeiture would occur as a substantial defect. The Mosses argue that they substantially complied with this requirement, pointing out that the notice stated that "unless [the Powells] shall have paid the above amounts on or before the 90 days after the recording of this notice with the Cowlitz County Auditor shown hereon, then . . . your . . . interest in the above–named property shall be terminated." They also call attention to the fact that the notice contained the filing stamp of the auditor, which said "Filed for Record 1–7–86 10:28 am." The Mosses argue that the Powells should have been able to compute the date of forfeiture from the information contained on the notice by simply adding 90 days to January 7. While one could perhaps determine the forfeiture date in that manner, we believe that the failure to indicate a date certain in the notice is a fatal flaw. This notice was directed to lay people who, presumably, are not schooled in the intricacies of determining significant dates in the manner suggested. The simple fact remains; the Powells were not given a clear indication of the date of forfeiture as required by RCW 61.30.070(1)(e).

The Powells' assertion that the notice contained no dates certain for surrendering possession of the property and for seeking extensions of time to contest the forfeiture or to cure the default also finds support. These dates are tied to the date on which the forfeiture occurs and, as we have noted above, that date was not clearly set forth in the notice.

■ The other significant defect in the notice is the fact that it contained a demand for $500 in attorney's fees. In our judgment, the inclusion of this demand for fees constitutes, by itself, material noncompliance with the act because the Mosses were not entitled to make such a demand.

RCW 61.30.010(2) provides that one may cure default by paying the obligations under the contract, including "the costs and attorneys' fees prescribed in the contract". Indeed, the Mosses' notice of intent dated January 7, 1986, so stated. The contract between the Mosses and the Powells provides, in pertinent part:

> *If the seller shall bring suit to procure an adjudication of the termination of the purchaser's rights hereunder, and judgment is so entered, the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses in connection with such suit,* and also the reasonable cost of searching records to determine the condition of title at the date such suit is commenced, which sum shall be included in any judgment or decree entered in such suit.

(Italics ours.)

■ Here, the Mosses did not bring "suit" to obtain a forfeiture. They elected, rather, to initiate nonjudicial forfeiture proceedings. The contract language providing for attorney's fees specifically applies to a "suit" to procure an adjudication of the "termination of the purchaser's rights." In our judgment, the term "suit" does not include out–of–court forfeiture proceedings. Because the contract does not allow for fees in such circumstances, a demand for fees in the notice was not authorized, and it constituted a significant departure from the notice requirements.

The Mosses argue that the inclusion of the demand for fees is insignificant because the demand did not prevent the Powells from tendering payment in time. We really have no

way of assessing the truth or falsity of that statement. We do know that the amount finally tendered by the Powells, and not accepted by the Mosses, included an amount to cover the attorney's fees claimed. The record does not disclose to what degree, if any, the fee demand affected the tardiness of their tender. It is significant to us, however, that the tender, which eventually included an amount for attorney's fees, was only 1 day late. This fact lends some credence to the contention that it affected the Powells' ability to pay.

The Powells also assert that the trial court erred in awarding $500 in attorney's fees to the Mosses. We agree. Former RCW 61.30.130(2) provides that "[i]n actions under RCW 61.30.110 [the section under which a purchaser contests forfeiture] . . . the court may award reasonable attorneys' fees and costs of the action to the prevailing party." In light of our decision, the Mosses cannot be said to be a "prevailing party" and they are, therefore, not entitled to fees.

In their cross appeal, the Mosses contend that the trial court erred in refusing to award a greater amount of fees. This assignment of error is without merit, because as we have already observed, they are not entitled to receive any award of fees.

In view of our decision that the forfeiture should be set aside because of defective notice, we find it unnecessary to reach the Powells' assertions regarding the constitutionality of the act and whether filing a notice of intent to declare forfeiture constitutes an "action" under RCW 61.30.030, which precludes the forfeiture action. We also find it unnecessary to discuss the Powells' assertion that the language of the act does not eliminate the trial court's right to exercise equitable powers in forfeiture cases.

We reverse and remand for entry of an order setting aside the forfeiture.

REED, C.J., and PETRICH, J., concur.

Review denied by Supreme Court September 1, 1988.