[No. 12812-8-II. Division Two. February 1, 1991.]

JOHN SCHULTZ, *Appellant,* v. MILDRED WERELIUS, *Respondent.*

---

*John J. Sinclair,* for appellant.

*Edward E. Younglove III* and *Swanson, Parr, Cordes, Younglove, Peeples & Wyckoff,* for respondent.

WORSWICK, C.J.—Does the assignee of a purchaser's interest in a real estate contract have standing to commence an action to set aside a forfeiture, when the assignment was made *after* the notice of intent to forfeit was recorded? The answer plainly is no. We affirm a summary judgment dismissing the action.

Mildred Werelius was the vendor under a real estate contract. The original purchasers assigned their interest to Daniel Snook. Snook was later convicted for operating a large amphetamine laboratory on the property. On September 6, 1988, Werelius recorded a notice of intent to forfeit the real estate contract on the grounds that Snook had used the property as an illegal drug laboratory, had created and left chemical waste there, and had failed to maintain required insurance. The notice of intent to forfeit was mailed to Snook and the original purchasers.

On September 9, Snook assigned his interest in the contract, for no apparent consideration, to John Schultz. This assignment was recorded on September 12. Schultz did not attempt to cure the default or enjoin the forfeiture, and on December 19, 1988, a declaration of forfeiture was recorded, forfeiting all purchasers' interests in the property.

On January 11, 1989, Schultz filed an action to set aside the declaration of forfeiture asserting that, as the assignee of all of Snook's rights, he had standing to bring this action. The trial court disagreed. It granted Werelius's motion for summary judgment.

 The Real Estate Contract Forfeiture Act (RCW 61.30) provides that actions to set aside a declaration of forfeiture may be commenced *only* by persons entitled to notice under RCW 61.30.040(1) and (2), namely:

> (1) . . . [E]ach purchaser last known to the seller . . . and to each person who, *at the time the notice of intent to forfeit is recorded,* is the last holder of record of a purchaser's interest. . . .
> (2) . . . .
> (a) The holders and claimants of record at the time the notice of intent to forfeit is recorded of any interests in or liens upon all or any portion of the property . . . ..
> (b) All persons occupying the property at the time the notice of intent to forfeit is recorded and whose identities are reasonably discoverable by the seller.

(Italics ours.) Substantial compliance with the forfeiture act is required of vendors. *Powell v. Moss,* 51 Wn. App. 530, 535, 754 P.2d 697, *review denied,* 111 Wn.2d 1005 (1988). The same standard should apply to purchasers, because one

of the goals of the forfeiture act is to clarify the rights of both purchasers and sellers. Hume, *The Washington Real Estate Contract Forfeiture Act,* 61 Wash. L. Rev. 803, 804 (1986). Substantial compliance with forfeiture requirements by the vendor includes both record and personal notice. RCW 61.30.040, .050. It follows that substantial compliance by one claiming a purchaser's interest includes notifying the seller of that interest, either by personal notice or recording because, consistent with the general theme permeating real estate law, the vendor's obligations depend upon such notice. 3 R. Powell, *Real Property* ¶ 450[1][c][i] (1987). Snook and Schultz gave no such notice. RCW 61.30.140 is unambiguous as to who has standing to set aside a declaration of forfeiture. Snook, not Schultz, had a right to notice of the intent to forfeit, as the last holder of record of the purchaser's interest at the time Werelius recorded the notice of intent to forfeit. Accordingly, Snook, not Schultz, had standing to commence the action to set aside the forfeiture.

■ Despite the plain words of the statute, Schultz argues that the assignment he received from Snook transferred all rights in the property, including the right to commence an action to set aside the forfeiture. It is true that contract rights are assignable unless the assignment is forbidden by statute or violative of public policy, *International Comm'l Collectors, Inc. v. Mazel Co.,* 48 Wn. App. 712, 716–17, 740 P.2d 363 (1987). This principle, however, does not help Schultz, for the right to commence an action to set aside a forfeiture is conferred by statute, not by contract. Had the Legislature intended to extend standing to assignees of assignments recorded after the notice of intent to forfeit, the forfeiture act would have so stated.

Schultz argues that the denial of standing to assignees would lead to absurd results, such as in the case of the death of the purchaser after the notice of intent to forfeit is recorded. However, the Legislature contemplated this and similar situations. RCW 61.30.010(7) extends the definition

of "purchaser" to include a personal representative in a probate proceeding.[1]

Moreover, an action to set aside a declaration of forfeiture is only one of several remedies. The class of persons permitted to cure the default or seek to enjoin the forfeiture is broader than the class permitted to commence an action to set aside the forfeiture once it has taken place. RCW 61.30.090(2) provides that the default can be cured by "any guarantor of or any surety for the purchaser's performance" or by "[a]ny person having a lien of record against the property which would be eliminated in whole or part by the forfeiture", in addition to the persons entitled to notice of intent to forfeit. RCW 61.30.110(2) provides that any person permitted to cure the default can bring an action to restrain the recording of the declaration of forfeiture. It is possible that Schultz might have been within this class of guarantors, sureties, and lienholders, and might have had the right to cure the default or enjoin the forfeiture. *See* Hume, *supra*, 61 Wash. L. Rev. at 818–19. However, his decision to wait until the declaration for forfeiture was recorded deprived him of such remedies, if indeed he had any.

In his motion for reconsideration, Schultz asserted for the first time that he was an occupant of the property when the notice of intent to forfeit was recorded, and therefore had standing to commence the action to set aside the forfeiture. This assertion was not a proper ground for seeking

---

[1]RCW 61.30.010(7) defines purchaser, as follows:

"'Purchaser' means the person denominated in a real estate contract as the purchaser of the property or an interest therein or, if applicable, the purchaser's successors or assigns in interest to all or any part of the property, whether by voluntary or involuntary transfer or transfer by operation of law. If the purchaser's interest in the property is subject to a proceeding in probate, a receivership, a guardianship, or a proceeding under the federal bankruptcy laws, 'purchaser' means the personal representative, the receiver, the guardian, the trustee in bankruptcy, or the debtor in possession, as applicable. However, 'purchaser' does not include an assignee or any other person whose only interest or claim is in the nature of a lien or other security interest."

reconsideration under CR 59, and the court was within its discretion to deny the motion to reconsider. *Holaday v. Merceri,* 49 Wn. App. 321, 324, 742 P.2d 127, *review denied,* 108 Wn.2d 1035 (1987).

Affirmed.

ALEXANDER, J., concurs.

PETRICH, J. (dissenting)—The Real Estate Contract Forfeiture Act (RCW 61.30) confers standing to set aside a forfeiture upon the person who, at the time the notice of intent to forfeit is recorded, is the last holder of a purchaser's interest in a real estate contract. RCW 61.30.140(2). The majority concludes that the statute is unambiguous in that it does not extend standing to an assignee who receives an assignment of the purchaser's interest after the notice of intent to forfeit is recorded. I disagree.

This statute is ambiguous when read in the context of the law of assignments. An assignee of a contract who receives full title and interest stands in the shoes of his assignor. *Moore v. Moore,* 20 Wn. App. 909, 912, 583 P.2d 1249 (1978). Schultz received an effective and apparently irrevocable assignment and delegation of Snook's rights and obligations under the real estate contract. It follows that Schultz has the same right that Snook had to challenge the forfeiture.

The majority argues that Snook could not have transferred this right to challenge a forfeiture because the right is conferred by statute, not by contract. This argument contains the untenable assumption that a transfer of contract rights does not transfer the statutory rights that pertain to that contract. If this assumption were correct, an assignee could not assert the statutory period of limitations as a bar to litigation if the contract lacked its own limitations provision. Here, in the absence of a specific statutory preclusion, I believe that Schultz steps into the shoes of Snook and, thereby, can challenge the forfeiture.

Since this statute is amenable to more than one interpretation, it should be interpreted in the manner most consistent with the Legislature's intent. *See Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.,* 105 Wn.2d 353, 358, 715 P.2d 115 (1986). Ambiguous statutes should be interpreted in a reasonable manner. *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

Construing the statute as conferring standing upon Schultz is consistent with the statute's goal of balancing the rights of the buyer and the seller. *See* Hume, *The Washington Real Estate Contract Forfeiture Act,* 61 Wash. L. Rev. 803, 804 (1986). For example, the act's notice provisions protect both the buyer and the seller. In the case of the seller, the statute assures that if the seller follows the notice procedures, he will not have to defend against subsequent successors in interest who attempt to set aside a forfeiture on the grounds that they did not receive notice. Here, it does not impinge on this protection to extend Schultz standing. Schultz does not argue that there was a failure of notice. He merely asks that the seller deal with him on the same terms as she would have dealt with the assignor.

Further, a statute will not be subject to a literal interpretation if it would result in strained or absurd results. *State v. Keller,* 98 Wn.2d 725, 728, 657 P.2d 1384 (1983). One absurd result of the majority's interpretation is that some declarations of forfeiture will go unchallenged. For example, an assignor has lost standing to enforce the contract because an absolute and unconditional assignment extinguishes the assignor's right to performance of and interest in the contract. *See Wymer v. Wymer,* 16 Bankr. 497, 505 (Bankr. 9th Cir. 1980); *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.,* 731 F.2d 112, 125 (2d Cir. 1984); 4 A. Corbin, *Contracts* § 891 (1951 & Supp. 1990). Lacking such standing, the assignor has little or no incentive to challenge a forfeiture because a forfeiture relieves an assignor of most of the contract obligations for which he is

secondarily liable. *See* RCW 61.30.100.[2] Moreover, the assignee could not challenge the forfeiture if he received the assignment after the notice of intent to forfeit was given to the assignor. Therefore, the forfeiture would go unchallenged. Importantly, Washington disfavors forfeitures. *Markland v. Wheeldon,* 29 Wn. App. 517, 520, 629 P.2d 921, *review denied,* 96 Wn.2d 1018 (1981).

The majority attempts to minimize the importance of this problem by noting that an action to set aside a declaration of forfeiture is only one of several remedies. It states that it is possible that Schultz was within the class of guarantors, sureties and lienholders who might have had the right to cure the default and enjoin the forfeiture pursuant to RCW 61.30.090(2) and RCW 61.30.110(2). However, Schultz was not a guarantor, surety, or lienholder; therefore, under the majority's interpretation of the statute, he could not have cured the default nor enjoined the forfeiture.

Another absurd consequence is that if a vendee received a notice of intent to forfeit and then died, no one would have standing to challenge the declaration of forfeiture. The majority dismisses this potential consequence by stating that RCW 61.30.010(7) extends the definition of "purchaser" to include a personal representative in a probate proceeding. However, under the majority's interpretation of the statute, the personal representative must be the last holder of a purchaser's interest at the time the notice is recorded in order for that personal representative to have standing.

---

[2] "Effect of forfeiture.

"....

"(4) After the declaration of forfeiture is recorded, the seller shall have no claim against and the purchaser shall not be liable to the seller for any portion of the purchase price unpaid or for any other breach of the purchaser's obligations under the contract, except for damages caused by waste to the property to the extent such waste results in the fair market value of the property on the date the declaration of forfeiture is recorded being less than the unpaid monetary obligations under the contract and all liens or contracts having priority over the seller's interest in the property." RCW 61.30.100.

458

The majority necessarily implies that the personal representative can step into the shoes of the decedent and, thereby, challenge the forfeiture. Similarly, an assignee necessarily has standing to challenge a forfeiture because he steps into the shoes of the assignor.

I would reverse and remand for trial.

Review denied at 116 Wn.2d 1027 (1991).