[No. 914-3.    Division Three.    November 25, 1974.]

WOODROW WILSON, *Respondent,* v. THE CITY OF WALLA WALLA, *Defendant,* PAYLESS DRUG STORES, INC., *Appellant.*

*James B. Mitchell* (of *Reese & Mitchell*), for appellant.

*Madison R. Jones,* for respondent.

MUNSON, J.—Woodrow Wilson commenced an action against Payless Drug Stores, Inc., hereafter referred to as Payless, claiming damages for false arrest.

Mr. Wilson was detained in the parking lot of Payless by store detectives who inquired whether payment had been made for certain items he had just placed on the rear seat of his car. Mr. Wilson refused to discuss the matter or to disclose whether he possessed a receipt for the items. After a police officer arrived, Mr. Wilson ultimately disclosed his receipt; he was then allowed to enter his car and leave. The total time of detention was approximately 45 minutes. A jury returned a verdict for Mr. Wilson in the sum of $5,000. Payless appeals.

Payless first contends the court erred in refusing to give its proposed instruction No. 1,[1] *i.e.,* that Mr. Wilson was under a duty to submit to the inquiries of the store detectives, to mitigate damages. Payless further contends that the proximate cause of compensable injury to Mr. Wilson was his refusal to submit to these inquiries. We disagree.

A party injured by conduct that is either intentional or reckless is entitled to compensatory damages and is under no duty to mitigate such damages. *Desimone v. Mutual Materials Co.,* 23 Wn.2d 876, 162 P.2d 808 (1945); *Champa v. Washington Compressed Gas Co.,* 146 Wash. 190,

---

[1]"If you find for the plaintiff, in arriving at the amount of money which will reasonably and fairly compensate him, you are to consider that a person who claims damage to his person or reputation must exercise ordinary care to minimize existing damages and to prevent further damage. If any loss is proximately caused by a failure to exercise such care, damages cannot be recovered for such loss."

262 P. 228 (1927); *Theis v. Federal Fin. Co.*, 4 Wn. App. 146, 480 P.2d 244 (1971). False arrest is an intentional tort; the court properly refused to submit proposed instruction No. 1. W. Prosser, *Torts* § 11 (4th ed. 1971).

Instruction No. 9 sets forth a statutory defense permitting limited detention by a mercantile establishment; however, the element of mitigation is not mentioned in the statute. RCW 4.24.220.[2]

It is not error to refuse a requested instruction when a party's theory of the case may be adequately argued within the given instructions. *Lucas v. Velikanje*, 2 Wn. App. 888, 471 P.2d 103 (1970). The theories urged by Payless could be adequately argued within instruction No. 3.[3]

Secondly, Payless contends the $5,000 verdict was excessive and unmistakably the result of passion or prejudice on the part of the jury. We are constrained to disagree.

Instruction No. 14 provided in part: "The law has not furnished us with any fixed standards by which to measure pain, suffering, anguish of mind, sense of shame, humiliation and loss of social reputation." Payless has not assigned error to this instruction. In considering the en-

---

[2]"In any civil action brought by reason of any person having been detained on or in the immediate vicinity of the premises of a mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense of such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer or by the owner of the mercantile establishment, his authorized employee or agent, and that such peace officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny or shoplifting on such premises of such merchandise. As used in this section, "reasonable grounds" shall include, but not be limited to, knowledge that a person has concealed possession of unpurchased merchandise of a mercantile establishment, and a "reasonable time" shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise."

[3]"Third, that the action of defendants was a proximate cause of the damage to plaintiff."

tirety of the evidence, we are unable to conclude that the verdict was *unmistakably* the result of passion or prejudice. We may have "gasped" at the verdict, but we are not "shocked" by it. *Neff v. United Pac. Ins. Co.*, 58 Wn.2d 618, 364 P.2d 515 (1961); *Carlos v. Cain*, 4 Wn. App. 475, 481 P.2d 945 (1971); *Hanson v. Newberry Renton Corp.*, 3 Wn. App. 546, 475 P.2d 893 (1970).

Judgment affirmed.

GREEN, C.J., and McINTURFF, J., concur.