[No. 14977-6-I.   Division One.   November 17, 1986.]

KENT SCHOOL DISTRICT NO. 415, ET AL, *Appellants,* v. LARRY LADUM, ET AL, *Respondents.*

*John Howard Binns, Terrence P. Collingsworth,* and *Perkins, Coie, Stone, Olsen & Williams,* for appellants.

*Robert Berst, George S. Cook,* and *Cook, Berst, Landeen & Butler,* for respondents.

GROSSE, J.—Kent School District No. 415 and Luty Faye Reeploeg appeal the dismissal on summary judgment of their action to quiet title and ejectment as against the interest of the respondent Larry Ladum. The trial court dismissed appellants' action as barred by the statute of limitations. We reverse and remand.

Insofar as pertinent to this appeal, the facts can be summarized as follows: Reeploeg owned almost 20 acres of undeveloped land in Kent. In September of 1965, when she was then 67 years old, she entered into a lease agreement with Ladum despite the fact that her long–term plan for her property was to donate it to the School District for purposes of construction of a school. Reeploeg believed that the lease was for 5 years with an option to renew for an additional 5 years while Ladum believed he had a lease for 5 years with successive options to renew for a total period of 95 years. In April of 1967, less than 2 years into the lease agreement, Reeploeg concluded that Ladum had breached the lease and she informed him that his interest in the property was terminated. Ladum did not accept this and in various forms continued his tender of the rent due under the lease agreement from that time to the present. However, he did not take actual physical possession of the property in dispute.

In 1970, Reeploeg conveyed her interest in this property to the School District. In 1972, for a period of 4 years, the School District leased the property to a dairy which planted corn on it. Apparently, Ladum was aware of the corn. In 1982, Ladum, for the first time since entering into the agreement, attempted to enter into possession of the property by planting a substantial portion of the property with

pine tree seedlings. As might be expected, Ladum's action in planting the trees resulted in Reeploeg and the School District filing suit to quiet title and to eject Ladum from the property.

The record in this case is somewhat deficient in that neither Reeploeg nor the School District has provided us with the trial court's oral decision. However, because their briefs do identify the issues argued before the trial court and because the Court of Appeals reviews summary judgments de novo, we deem the record sufficient for review. We discern that the basis of the trial court's action was its view that the action to quiet title was governed by RCW 4.16-.040, requiring that actions on a written contract be commenced within 6 years.[1]

The trial court clearly erred. This action was brought pursuant to RCW 7.28.010.[2] There is no statute of limitations with regard to an action to quiet title. *See Petersen v. Schafer*, 42 Wn. App. 281, 284, 709 P.2d 813 (1985).

If Ladum's contention that a quiet title action will not lie with respect to a lessee's interest in property under a leasehold is not refuted by the language of the statutes,[3] then it

---

[1]Summary judgment is proper only when the pleadings, depositions and admissions, as well as the affidavits, present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Sea–Pac Co. v. United Food & Comm'l Workers, Local 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

[2]RCW 7.28.010 provides in pertinent part:
"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title . . ."

[3]RCW 59.16.030 provides that in circumstances where a defendant in an unlawful entry and detainer action denies the ownership interest of the plaintiff and states facts showing that the defendant has a lawful claim to possession of the property, then the matter is to be tried as if it were brought pursuant to the provisions of RCW 7.28.

is refuted by *Verline v. Hyssop,* 2 Wn.2d 141, 143, 97 P.2d 653 (1940), holding that a landlord may maintain an action in ejectment for a tenant's wrongful possession. *See also Woodward v. Blanchett,* 36 Wn.2d 27, 216 P.2d 228 (1950); *Hill v. Hill,* 3 Wn. App. 783, 477 P.2d 931 (1970). Finally, that a landlord may bring an action to quiet title as against a lessee's interest is implicit in the holding in *Esmieu v. Hsieh,* 92 Wn.2d 530, 598 P.2d 1369 (1979). The trial court, therefore, erred in granting summary judgment dismissing the claims of Reeploeg and the School District.

In their briefs and in argument, the parties to this appeal have also raised a host of other issues arising out of the complex factual pattern giving rise to these claims. Resolution of these remaining issues will require factual determinations by the trial court on remand. *See Duckworth v. Bonney Lk.,* 91 Wn.2d 19, 21, 586 P.2d 860 (1978). Those issues include, but are not limited to, the validity of the lease, whether the lease was breached, and if so when and by whom, whether the lease contained valid options for renewal extending for 95 years, whether Ladum properly exercised any option, whether Ladum surrendered his lease, and whether Ladum is barred by laches from enforcing any rights he may have. We list these potential issues for illustrative purposes only. On remand, the trial court is free to resolve any and all issues raised by the pleadings and the evidence.

Reversed and remanded.

COLEMAN and PEKELIS, JJ., concur.