[No. 8728-0-III. Division Three. May 31, 1988.]

JOHN BOYD MCLEAN, ET AL, *Appellants,* v. JOHN E. MCLEAN, *Respondent.*

*Roger Garrison,* for appellants.

*William Aiken,* for respondent.

McINTURFF, C.J.—John Boyd McLean and Patricia Ann McLean appeal the summary dismissal of their action to set aside a declaration of forfeiture obtained by John E. McLean. At issue is the interpretation of several sections of the real estate contract forfeiture act, RCW 61.30.

By a real estate contract dated December 1, 1976, John E. McLean (seller) sold certain real property to his son and daughter–in–law, John and Patricia McLean (buyers), for $14,000, $2,000 of which was paid by the buyers as a down payment.

Under the contract, interest accrued on the first $6,000 of the balance and was payable quarterly. That $6,000 and the remaining $6,000 were due on December 1, 1982. The latter $6,000 was interest free, until December 1, 1982, unless the seller died. In the latter event, the sum would bear interest until it became due. The contract also provided: "The Purchasers may elect to extend any of the balance due under this contract for an additional period of five years until December 1, 1987, upon payment of accrued interest quarterly . . ." The seller reserved the use of the property to

himself for life and agreed to maintain the house on the premises in a habitable condition. The buyers agreed to pay all taxes and assessments levied against the property.

On June 25, 1986, the seller gave the buyers notice of his intent to forfeit pursuant to the real estate contract forfeiture act, RCW 61.30, newly enacted in 1985. The notice alleged they were in default by reason of their failure (1) to make the principal payments in the sum of $12,000, (2) to make the interest payments on $6,000 at 7½ percent per annum from January 10, 1985, to June 25, 1986, in the sum of $655.95, and (3) to pay real estate taxes, weed assessments and drainage assessments, interest and penalties for the years 1983, 1984, 1985, and 1986 in the sum of $1,221.55. The notice described the real estate contract as "unrecorded".

The buyers consulted an attorney who then notified the seller's attorney by letter that the buyers previously had elected to extend the due date for the balance until December 1, 1987, as provided in the contract, and that the interest and the real estate taxes and assessments owing were offset by moneys the seller owed the buyers for car repair and for his failure to maintain the dwelling in a habitable condition. These allegations were disputed by the seller.

On October 31, 1986, the seller filed a declaration of forfeiture. The real estate contract had been recorded a few days earlier on October 22, 1986. On November 14, 1986, the buyers filed a complaint to set aside the declaration of forfeiture, alleging:

> That the defendant is not entitled to forfeit the Real Estate Contract; that the rights to monetary delinquencies did not in fact exist; and that further, the plaintiffs were entitled to offsets against the defendant for his failure to maintain the house on the premises as required under the terms of the Real Estate Contract; that the plaintiffs were further entitled to an offset for work done on an automobile by the plaintiffs for the defendant's benefit.

On April 30, 1987, the seller moved for summary judgment. In the statement in opposition to the motion for summary judgment, the buyers argued for the first time that the forfeiture was ineffective because the seller had not recorded the real estate contract prior to serving and filing his notice of intent to forfeit.

The court granted the seller's motion for summary judgment. In its oral opinion, the court held that the reasons alleged by the buyers in their complaint to set aside the forfeiture under RCW 61.30.140 should have been raised prior to the filing of the declaration of forfeiture in an action under RCW 61.30.110 to enjoin or restrain the same. It also held that the seller had materially complied with the recording requirements of the act.

First, may the buyers properly raise a right of offset in an action to set aside a declaration of forfeiture under RCW 61.30.140? Or, are they limited in raising this issue to actions brought under RCW 61.30.110, *i.e.*, actions to enjoin a forfeiture brought *prior* to entry of the declaration of forfeiture?

The statutes[1] at issue provided:

61.30.110 Forfeiture may be restrained or enjoined. (1) The forfeiture may be restrained or enjoined . . . only as provided in this section. . . .

(2) Any person entitled to cure the default may bring or join in an action under this section. . . . Any such action shall be commenced before expiration of the time for cure by filing the summons and complaint and serving the seller or the seller's agent or attorney . . .

(3) The forfeiture may be restrained or enjoined when *the person bringing the action proves that there is no default as claimed in the notice of intent to forfeit or that the purchaser has a claim against the seller which, if successful, would release, discharge, or excuse the default claimed in the notice of intent to forfeit, including by offset, or that there exists any material noncompliance with this chapter.* . . .

---

[1] Both sections were amended by Laws of 1988, ch. 86, but the amendments are not material to the issues raised here.

61.30.140 Action to set aside forfeiture. (1) An action to set aside the forfeiture after the declaration of forfeiture has been recorded may be commenced only as provided in this section and regardless of whether an action was previously commenced under RCW 61.30.110.

(2) . . . [S]uch an action shall be commenced by filing the summons and complaint . . . not later than sixty days after the declaration of forfeiture is recorded. . . .

. . .

(4) The forfeiture shall not be set aside unless (a) the rights of bona fide purchasers for value and of bona fide encumbrancers for value of the property would not thereby be adversely affected and (b) *the person bringing the action establishes that the seller was not entitled to forfeit the contract at the time the seller purported to do so or that the seller did not materially comply with the requirements of this chapter.*

(Italics ours.)

 The seller contends allegations of the right of offset may only be made in an action commenced *before* the declaration of forfeiture, citing the specific reference to offset contained in RCW 61.30.110 and the lack of a corresponding reference in RCW 61.30.140. We disagree. One of the drafters of the real estate contract forfeiture act, Professor Linda Hume, states: "The completed forfeiture can be set aside only when it is established that seller was not entitled to forfeit (as for example, when the purchaser was not in breach) . . ." Washington Survey, *The Washington Real Estate Contract Forfeiture Act,* 61 Wash. L. Rev. 803, 806 n.24 (1986). If the seller owes the purchaser an amount equal to or greater than the amount owing on the contract, thereby excusing his default, then the seller was not entitled to forfeit. That is exactly what the buyers here allege. The disadvantages of waiting until *after* the declaration of forfeiture is recorded to raise this defense are that under RCW 61.30.140[2] (1) the rights of bona fide purchasers are

---

[2]Former RCW 61.30.140 provided:

"(3) The court may require that all payments specified in the notice of intent shall be paid into the court registry as a condition to maintaining an action to set aside the forfeiture. . . .

protected, (2) the court may require the purchaser to pay into the court registry any amounts allegedly in default as a condition to maintaining the action to set aside the forfeiture, (3) the seller may be entitled to possession of the property and its profits during the pendency of the action, and (4) the purchaser runs the risk of the court assessing it the seller's attorney fees in defending the action.

Nor are we persuaded by the seller's argument that "purchasers" may not bring an action under RCW 61.30-.140. The language of the statute itself rebuts this argument. In RCW 61.30.140(5), the Legislature refers to "the purchaser or other person commencing the action [to set aside the forfeiture]." Former RCW 61.30.140(1), which provides "[a]n action to set aside the forfeiture . . . may be commenced . . . regardless of whether an action was previously commenced under RCW 61.30.110", recognizes an area of overlap in the two statutes.

Thus, we hold the court erred when it refused to consider the buyers' offset claims in their action to set aside the declaration of forfeiture.[3]

---

"...

"(5) If the purchaser . . . commencing the action establishes the right to set aside the forfeiture, the court shall award the purchaser . . . actual damages, if any, and may award the purchaser . . . its reasonable attorneys' fees and costs of the action. If the court finds that the forfeiture was conducted in compliance with this chapter, the court shall award the seller actual damages, if any, and may award the seller its reasonable attorneys' fees and costs of the action.

"(6) The seller is entitled to possession of the property and to the rents, issues, and profits thereof during the pendency of an action to set aside the forfeiture: *Provided,* That the court may provide that possession of the property be delivered to or retained by the purchaser or some other person and may make other provision for the rents, issues, and profits."

[3]In so holding, we note the act, as written, permits a defaulting purchaser to tie up title to property for an extensive time. That is, he has 90 days to cure after receiving notice of the seller's intent to default. RCW 61.30.070(1)(e). He then has 60 days to file an action to set aside a declaration of forfeiture. RCW 61.30.140(2). As a practical matter, the resolution of such an action can take several months. While the purchaser runs certain risks in bringing such an action, as noted above, the possibility remains that a real estate contract vendor may not regain full use of his property for many months if the purchaser chooses to avail himself of his cause of action under RCW 61.30.140.

Second, was the seller's failure to record the contract prior to filing and recording his notice of intent to forfeit a "material failure" to comply with the terms of RCW 61.30? The buyer relies on RCW 61.30.070(1)[4] which read:

The notice of intent to forfeit shall contain at least the following:

. . .

(b) A description of the contract, including . . . the *recording number* of the contract or memorandum thereof;

(Italics ours.)

■ Although the commentators suggest recording is a condition precedent to the *initiation* of a statutory forfeiture proceeding,[5] RCW 61.30.140(4) states only that a forfeiture may be set aside if the seller did not "materially comply" with the act. "To be 'material' . . . the failure must significantly affect some right of the forfeited party." Anderson, *Real Estate Contract Forfeiture Act Legislative History,* at 26, in *Real Estate Contract Forfeitures* (1985). Here, the buyers had notice of the seller's intent to forfeit, they knew which property was at issue, and the contract was in fact recorded before the declaration of forfeiture. We hold the seller's failure to record the contract prior to recording the notice of intent to forfeit did not significantly affect the rights of the buyers and, therefore, was not a

---

[4]RCW 61.30.070 was also amended by Laws of 1988, ch. 86, but, again, the portion of the statute relevant to this appeal was unchanged.

[5]Hume, *Basic Operation of the Real Estate Forfeiture Act,* at 1, in *Real Estate Contract Forfeitures* (1985); Anderson, *Real Estate Contract Forfeiture Act Legislative History,* at 10, in *Real Estate Contract Forfeitures* (1985); Rockwell, *Questions and Answers Regarding Contract Form and Real Estate Contract Forfeiture Act,* at 14, in *Real Estate Contract Forfeitures* (1985); Leadon, *Current Case Law; Legislative History; Objectives and Review of Statute,* at 1–11, in *The New Real Estate Contract Forfeiture Act* (1985). (All of the foregoing authors were members of the subcommittee of the Real Property, Trust and Probate section of the Washington State Bar Association which drafted the act.) These articles appeared in materials prepared in conjunction with continuing legal education programs and are available through the University of Washington Law Library and the Washington State Law Library.

material failure to comply with the act. Recording the contract remains a condition of actual forfeiture. RCW 61.30-.030.[6] But if the recording takes place at some point before the declaration of forfeiture, then the forfeited party cannot complain about the seller's failure to record earlier without also showing he was prejudiced.

Based on our holding that the buyers properly raised the offset issue in their action to set aside the declaration of forfeiture, the judgment of the Superior Court is reversed.

MUNSON and THOMPSON, JJ., concur.

---

[6]RCW 61.30.030 was amended by Laws of 1988, ch. 86. The pertinent section of the statute remains the same and provides:

"It shall be a condition to forfeiture of a real estate contract that:

"(1) The contract being forfeited, or a memorandum thereof, is recorded in each county in which any of the property is located;"