[No. 36718-8-I.   Division One.   January 13, 1997.]

NAQUEB UR-RAHMAN, *Appellant*, v. CHANGCHUN
DEVELOPMENT, LTD., *Respondent*.

570

*Matthew F. Davis*, for appellant.

*John T. McLean* and *Hanson, Baker, Ludlow & Drumheller, P.S.*, for respondent.

Cox, J. — Changchun Development, Ltd., the successor in interest to the seller under a real estate contract, forfeited the interest of Naqueb Ur-Rahman, the purchaser under that contract. Shortly after the recording of the declaration of forfeiture, Rahman commenced this action to set aside the forfeiture. He claims that offsets he asserts satisfy the obligation under the real estate contract. The trial court granted Changchun's motion for summary judgment. Because the applicable statutes of limitations bar Rahman's claims, we affirm.

In July 1983, R.E.B. Enterprises, Inc., as seller, and Rahman, as purchaser, executed a real estate contract for

the sale of a warehouse on a four-acre, partially developed property in Lake Stevens. The entire property was subject to an underlying deed of trust that secured a promissory note of R.E.B. held by Citizens Bank of Marysville.

The purchase price was $210,000, $90,000 of which Rahman paid at closing. He agreed to pay the deferred balance plus interest by a combination of periodic and balloon payments. All unpaid amounts were due and payable in July 1993.

In July 1990, Changchun acquired by successive assignments R.E.B.'s interest as seller in the real estate contract. Three months later, Changchun paid off the note secured by the underlying deed of trust to which the warehouse was subject.

Rahman claims he wrote a letter dated October 26, 1990, to a Mr. Dean Kalivas, whom Rahman characterizes as a neutral third party. In that letter, Rahman stated his understanding of the status of his obligation on the real estate contract. According to Rahman, the unpaid balance of the contract as of October 31, 1990, without considering any offsets, was $61,806.91. He also stated that he had three offsets that totaled over $176,000. Finally, he claimed that netting the offsets against the October 31, 1990, contract balance meant that he was owed over $114,000. But Rahman did not seek payment of the difference. He sought only a fulfillment deed. There is nothing in the record before us to show that either Changchun or any of its predecessors in interest in the contract agreed to this accounting by Rahman.

In August 1991, Rahman sent a letter to Changchun claiming he had paid the contract in full and demanding a fulfillment deed. Changchun's then counsel requested documentation that the contract was paid. But Rahman declined to provide any and threatened litigation.

On July 10, 1993, the real estate contract became due of its own terms. In October 1993, Rahman again wrote to Changchun, demanding a fulfillment deed. On November 9, 1993, Changchun notified Rahman that it would not is-

sue a fulfillment deed in the absence of documentation that Rahman had made all required payments under the contract. The next day, Changchun commenced a proceeding under the real estate contract forfeiture act, RCW 61.30. In February 1994, Changchun completed the forfeiture proceeding by recording a declaration of forfeiture.

Shortly thereafter, Rahman commenced this action to set aside the forfeiture. The trial court granted Changchun's motion for summary judgment and denied Rahman's motion for reconsideration. The court also determined that Changchun was the prevailing party for purposes of an award of attorney fees and costs, but deferred further consideration of the award pending the outcome of this appeal by Rahman.

## I

### Time-Barred Offsets

Rahman concedes, as he must, that each of his three offset claims is barred by the applicable statute of limitations. Rather, he argues that the trial court erred by concluding that these statutes bar his claims in this action to set aside the real estate contract forfeiture. Rahman's argument has no basis in law or logic, and we reject it.

When reviewing an order granting summary judgment, this court engages in the same inquiry as the trial court.[1] CR 56(c) permits the trial court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "All facts and reasonable inferences are considered in the light most favorable to

---

[1]*Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

the nonmoving party . . . and all questions of law are reviewed de novo."[2]

When Rahman commenced this action in 1994, it was the first time he sought adjudication of any of his three claimed offsets against the payments owed under the real estate contract. First, he claims that R.E.B. owes rent under an oral lease for $1,000 per month from 1983 to mid-1990.[3] Second, he asserts an offset for R.E.B.'s use of one wall of the warehouse as a common wall with another warehouse that was constructed in July 1984. He claims that the construction breached the terms of a 1983 purchase and sale agreement.[4] Finally, Rahman argues that he is entitled to offset the cost of installing a water hookup to the property in 1989. He bases this last claim on the same exhibit to the 1983 purchase and sale agreement underlying his second claim.

In view of the fact that each of the claims was time-barred, we need not concern ourselves with the merits of any claim. Accordingly, there are no genuine issues of material fact with respect to any of the claims. The first prong of the summary judgment standard is therefore satisfied.

Rahman's arguments are purely legal, focused on the second prong of the summary judgment standard. He argues that we should treat his claims as plaintiff in this action as defensive offsets. We reject this argument because it rests on a principle that has no application to the facts of this case.

Our Supreme Court has stated that "[s]tatutes of limitations never run against defenses arising out of the transactions sued upon."[5] Division III of this court explained the origin of the rule:

---

[2] 125 Wn.2d at 341.

[3] *See* RCW 4.16.080(3) (three-year statute of limitations applies to unwritten contracts).

[4] *See* RCW 4.16.040(1) (six-year statute of limitations applies to an action upon a liability arising out of a written agreement).

[5] *Allis-Chalmers Corp. v. City of N. Bonneville*, 113 Wn.2d 108, 112, 775 P.2d 953 (1989).

> While it is true that the statute of limitations is not applicable to defenses such as recoupment, the reason is that "as [long] as the courts will hear the plaintiff's case, time will not bar the defense which might be urged thereto and which grew out of the transaction connected with the plaintiff's claim . . ."[6]

There, the plaintiff was asserting a claim for conversion and seeking to avoid the statute of limitations by characterizing his action as one of "recoupment" or offset. The court rejected the claim, reasoning that recharacterizing the claim did not turn it into a defense.[7] That is precisely what Rahman attempts to do here.

■ Rahman relies heavily on *McLean v. McLean*[8] to support his position. There, Division III of this court held that a purchaser may offset claims in an action to set aside a declaration of a forfeiture of a real estate contract. But that case did not involve offsets where the statutes of limitations had run. That is a material distinction from the facts of this case. Rahman fails to cite any reported case that truly supports his position, and we have found none. We hold that offset claims that are barred by the statutes of limitations may not be asserted by a purchaser who commences an action to set aside a real estate contract forfeiture.

■ In his appellate brief, Rahman appears to suggest that his claims have already been resolved as a result of arbitration by a neutral third party. First, the only reference to such a proceeding in the record before us is Rahman's declaration. He states there that in October 1990 he submitted figures in a letter to Dean Kalivas, whom Rahman characterizes as a neutral third party and practicing attorney. We have carefully reviewed the rec-

---

[6]*Warren v. Washington Trust Bank*, 19 Wn. App. 348, 363, 575 P.2d 1077 (1978) (citation omitted), *judgment modified on other grounds*, 92 Wn.2d 381, 598 P.2d 701 (1979).

[7]*Warren*, 19 Wn. App. at 363.

[8]51 Wn. App. 635, 640, 754 P.2d 1033 (1988).

ord before us, and there is no evidence that anyone holding the seller's interest under the contract agreed to be bound by any determination by Mr. Kalivas. Second, although Rahman characterizes Kalivas as a "neutral arbitrator," there is nothing in the record to substantiate that he was acting as such, either under Washington's arbitration statute[9] or otherwise. As a result, anything that Kalivas may have decided about the contract has no binding effect.[10] Rahman's statements regarding a purported arbitration do not preclude summary judgment.

Rahman also argues that his action to set aside a forfeiture is analogous to a quiet title action, which is not subject to a statute of limitations.[11] He claims that this action merely seeks to remove a cloud on his title by proving his defenses to the forfeiture. Accordingly, he contends that his claims, like quiet title claims, are exempt from statutes of limitations. We disagree.

First, despite Rahman's argument to the contrary in his reply brief, a quiet title action is not a defense to third-party claims. Rather, the quiet title statute, RCW 7.28, provides a basis for affirmative relief.[12] Second, the statute governing an action to set aside a real estate contract forfeiture explicitly provides a time limitation for filing, 60 days after the recording of the declaration of forfeiture.[13] Because the Legislature has expressly provided a statute of limitations for filing the action itself, it is highly improbable that it intended to impliedly exempt possible bases for such an action from their applicable statutes of limitations. Furthermore, complicating an action to set

---

[9]RCW 7.04.

[10]See, e.g., Balfour, Guthrie & Co. v. Commercial Metals Co., 93 Wn.2d 199, 202, 607 P.2d 856 (1980) (stating that "arbitration stems from a contractual, consensual relationship;" citing RCW 7.04).

[11]Kent Sch. Dist. 415 v. Ladum, 45 Wn. App. 854, 856, 728 P.2d 164 (1986).

[12]See Magart v. Fierce, 35 Wn. App. 264, 266, 666 P.2d 386 (1983) (stating that plaintiff in quiet title action "must succeed on the strength of his own title and not on the weakness of his adversary").

[13]RCW 61.30.140(2).

aside a forfeiture by permitting the litigation of stale claims would contravene the goal of certainty of title that the statute appears to promote.[14] We reject Rahman's argument to the contrary.

The trial court did not err by granting summary judgment.

## II
### Attorney Fees

Changchun asks this court to direct the trial court to award its fees and costs in the proceedings below. The trial court concluded that Changchun was the prevailing party for the purposes of such an award but deferred the determination of the award of fees until after remand from this court.

RCW 61.30.140(5) permits, but does not require, a trial court to award a seller its reasonable attorney fees and costs if the court finds that the real estate contract forfeiture complied with statutory requirements. We therefore decline to direct such an award but instead remand it to the trial court for further consideration.

Changchun also seeks costs and attorney fees for this appeal. If a statute authorizes attorney fees in the trial court, we have the inherent jurisdiction to make such an award on appeal.[15] We award Changchun its reasonable attorney fees and costs for this appeal. Under RAP 18.1(i), we remand the case to the trial court to determine the amount of the award on appeal.

We affirm the summary judgment order and remand the case to the trial court for further consideration of an

---

[14]*See, e.g.,* *Schultz v. Werelius,* 60 Wn. App. 450, 452-53, 803 P.2d 1334 (stating that "one of the goals of the forfeiture act is to clarify the rights of both purchasers and sellers"), *review denied,* 116 Wn.2d 1027 (1991). *Cf. Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985) (noting purpose of deed of trust act to promote stability of land titles).

[15]*Sarvis v. Land Resources, Inc.,* 62 Wn. App. 888, 894, 815 P.2d 840 (1991), *review denied,* 118 Wn.2d 1020 (1992).

award of attorney fees and costs below and calculation of the amount of fees and costs on appeal.

KENNEDY, A.C.J., and COLEMAN, J., concur.

Reconsideration denied February 21, 1997.