[No. 39607-2-I. Division One. May 26, 1998.]

JAMES B. BULLARD, *Respondent*, v. JAMES P. BAILEY, *Appellant*.

752

*Howard M. Goodfriend* of *Edwards, Sieh, Smith & Good-friend, P.S.*; and *G. Kenneth O'Mhuan*, for appellant.

*Gregory D. Lucas* and *Geoffrey M. Davis*, for respondent.

WEBSTER, J. — James Bailey appeals a judgment entered against him that apportions twenty percent fault for James Bullard's damages in a fraudulently settled lawsuit. Bailey associated himself with Richard McClellan, who represented himself to Bullard as an attorney, then settled Bullard's personal injury claim for $40,000 and stole these funds. The trial court found Bailey committed legal malpractice in negligently supervising McClellan and negligently representing Bullard, and that Bailey's negligence was a proximate cause of Bullard's damages. Bailey appeals, arguing the independent business judgment rule negates proximate cause, proximate cause was not met as a matter of law, and Bullard is contributorially negligent for failing to mitigate his damages by seeking to vacate the illegal settlement.

We affirm. The independent business judgment rule has recently been rejected by both the Supreme Court and this

court as a bar to proximate cause. Both elements of proximate cause, cause in fact and legal causation, are supported by the particular facts and circumstances here. We also decline to apportion fault to Bullard for failure to mitigate his damages; Bullard acted reasonably in deciding to sue his tortfeasors instead of seeking to have the fraudulent settlement vacated.

## FACTS

In his brief, appellant Bailey states that he challenges only the trial court's legal conclusions. Consequently, the facts that follow are the trial court's undisputed findings.

On September 25, 1989, Morris Cave's vehicle collided with James Bullard's vehicle. Bullard suffered injuries as a proximate cause of this accident. Responding to an advertisement, Bullard contacted Accident & Medical Investigations, Inc. (AMI) and Richard McClellan. McClellan told Bullard he was an attorney and AMI a law firm. Believing McClellan, Mr. Bullard entered a contingency fee agreement for AMI's representation in a suit against Cave. McClellan was not, in fact, an attorney. But he settled Bullard's claim for $40,000 without Bullard's knowledge or consent, forging both Bullard's and attorney Camille Jescavage's signatures on settlement documents. Cave gave the settlement checks to McClellan, who then forged Bullard's signature on the checks, cashed them, and converted them to his personal use.

James Bailey was a licensed Washington attorney and associate of McClellan's. Bailey's name appeared on AMI's letterhead. And Bailey held McClellan out to be his paralegal on at least one occasion.

At McClellan's request, Bailey agreed to represent Mr. Bullard at his deposition. Apparently, Jescavage had attempted to withdraw from representing Mr. Bullard, so Bullard believed Bailey was his attorney. During the deposition, Bailey became aware that McClellan had represented on the record that he was an attorney, yet Bailey did not

attempt to correct this misstatement. Consequently, Bullard continued to believe that AMI was a law firm and Bailey and McClellan his lawyers.

Approximately one week after the deposition, Bailey wrote to Cave's attorney and proposed an $85,000 settlement of all claims. He copied Bullard on this letter, but did not first discuss this settlement figure with him before making the offer. And although Bullard continued to believe Bailey to be his lawyer, Bailey never advised Bullard otherwise. Bailey also knew Jescavage had severed her association with AMI, and knew McClellan would continue to handle Mr. Bullard's claim. McClellan's fraudulent settlement of Bullard's claim, however, was unknown to Bailey until months after it occurred.

After a thirteen-day trial, the trial court entered Findings of Fact, Conclusions of Law, Judgment, and an Order Awarding Attorneys Fees and Costs in Bullard's favor. On appeal, Bailey challenges the following findings of fact as conclusions of law: (1) that he did not properly supervise McClellan; (2) that he facilitated McClellan's unlawful practice of law; (3) that he failed to supervise McClellan, a nonlawyer; (4) that he actively encouraged McClellan's unlawful legal representation of Bullard; (5) that McClellan and AMI were 75% at fault, Bailey was 20% at fault, and Jescavage was 5%; and (6) that Bullard was not at fault in causing his own damages. He takes issue with nearly all of the court's legal conclusions pertaining specifically to him, as well as the court's conclusion that he is liable' to Bullard for negligence, legal malpractice, and negligent supervision of nonlawyers.

## DISCUSSION

 To prove legal malpractice, four elements must be met: (1) there is an attorney-client relationship giving rise to a duty of care owed by the lawyer; (2) there is an act or omission breaching that duty of care; (3) this breach damages the client; and (4) the breach is the proximate cause of the client's damages. *See* 16 DAVID K. DEWOLF & KELLER

W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 7.21, at 191 (1993) (citing *Hizey v. Carpenter,* 119 Wn.2d 251, 830 P.2d 646 (1992); *Bush v. O'Connor,* 58 Wn. App. 138, 791 P.2d 915 (1990)). Once the attorney-client relationship is established,[1] the remaining elements are the same as for other negligence actions. *Id.* (citing *Stangland v. Brock,* 109 Wn.2d 675, 747 P.2d 464 (1987)).[2]

## I. Proximate Cause

██ There are two elements to proximate cause: cause in fact and legal causation. *See City of Seattle v. Blume,* 134 Wn.2d 243, 251, 947 P.2d 223, (1997) (citing *Hartley v. State,* 103 Wn.2d 768, 777, 698 P.2d 77 (1985)). Cause in fact is the "but for" consequence of an act; it connects the act to its injury. *Id.* at 251-52. " 'It is a matter of what has in fact occurred.' " *Hartley,* 103 Wn.2d at 778 (quoting WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS 237 (4th ed. 1971)). Cause in fact is generally for the trier of fact to decide. *See Daugert v. Pappas,* 104 Wn.2d 254, 257-58, 704 P.2d 600 (1985); *Hartley,* 103 Wn.2d at 778 (generally a jury decision). Given the existence of cause in fact, whether there is also legal causation turns on the policy question, How far should the consequences of a defendant's act extend? *Blume,* 134 Wn.2d at 252. Determining whether legal liability adheres depends on " 'mixed considerations of logic, common sense, justice, policy, and precedent.' " *Hartley,* 103 Wn.2d at 779 (quoting *King v. City of Seattle,* 84 Wn.2d 239, 249, 525 P.2d 228 (1974)). A proximate cause

---

[1]Bailey does not assign error to the trial court's finding that there was an attorney-client relationship between Bailey and Bullard, nor does he separately argue that an attorney-client relationship was not established. Thus, this finding is a verity on appeal. *See Cowiche Canyon Conservancy v. Bosley,* 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

[2]Neither does Bailey argue in his opening brief the second and third negligence elements—that there was a duty owed to Bullard and that he breached that duty—were not proved at trial. He challenges only the court's proximate cause determination. But in his reply brief, he presents a principal-agent argument and duty discussion under a "legal cause" heading. But "duty" is a separate negligence element and as Bailey challenged only proximate cause in his opening brief, this is a new argument raised in a reply brief that we will not consider. *See id.* at 809.

determination is reviewed on appeal as a question of law if all evidentiary inferences are incapable of reasonable doubt. *Id.* (citing *Bernethy v. Walt Failor's Inc.*, 97 Wn.2d 929, 935, 653 P.2d 280 (1982) (quoting *Mathers v. Stephens*, 22 Wn.2d 364, 370, 156 P.2d 227 (1945))).

Independent Business Judgment Rule

 The "independent business judgment rule" negates the proximate cause element of negligence. *See Blume* at 251. This rule was first articulated in *King v. City of Seattle*, 84 Wn.2d 239, 525 P.2d 228 (1974); if a plaintiff, exercising independent business judgment, elects not to pursue available legal remedies, then the defendant's wrongful acts are not a proximate cause of the plaintiff's damages. *Id.; see also Blume*, 134 Wn.2d at 251 (citing *Marsh v. Commonwealth Land Title Ins. Co.*, 57 Wn. App. 610, 789 P.2d 792 (1990); *Hillis Homes, Inc. v. Snohomish County*, 32 Wn. App. 279, 647 P.2d 43 (1982); *Grader v. City of Lynnwood*, 53 Wn. App. 431, 767 P.2d 952 (1989)).

But in *Blume*, our Supreme Court recently rejected the "independent business judgment rule," finding it can no longer bar the proximate cause element of legal claims. 134 Wn.2d at 260. Among its policy reasons for doing so, the Court noted the rule's "potential to operate as an absolution to tortfeasors." *Id.* at 259. "The danger is that persons who have a valid legal injury are barred from the courtroom for a decision that was necessitated by the tortfeasor. Thus, the rule works as a potential shield from liability for tortfeasors favoring those that have unlimited financial capability to extend the legal process." *Id.; see also Mastro v. Kumakichi Corp.*, 90 Wn. App. 157, 167, 951 P.2d 817 (1998).

Bailey argued in his opening brief that this rule applies because Bullard did not vacate the Cave suit's dismissal under CR 60(b). At oral argument, however, he conceded that these recent decisions abrogate this argument. Thus, we conclude the independent business judgment rule does not bar Bullard's action against Bailey; the proximate cause

element of legal malpractice is not negated on these grounds. But Bailey also argues that his alleged negligence was neither the cause in fact nor the legal cause of Bullard's damages.

Cause in Fact

Bailey contends his actions were not the cause in fact of Bullard's injury because: (1) the trial court's conclusion that he could have prevented McClellan's fraud "rests entirely on speculation and conjecture"; and (2) the court's conclusion that McClellan's acts were foreseeable, necessitating closer supervision by Bailey, are "entirely unsupported." We reject this contention.

First, Bailey raises no factual challenge on appeal. Because cause in fact is generally a determination for the trier of fact, see *Daugert v. Pappas*, 104 Wn.2d 254, 257-58, 704 P.2d 600 (1985), and *Hartley v. State*, 103 Wn.2d 768, 778, 698 P.2d 77 (1985), we deny Bailey's challenge on this ground alone. Even were we to consider this challenge, however, sufficient undisputed facts support the trial court's conclusion. For instance, Bailey does not dispute that he never advised Bullard that AMI was not a law firm and McClellan not an attorney, nor that Bailey knew or should have known McClellan was engaged in the unlawful practice of law on a regular basis. Also undisputed is that Bullard justifiably was led to believe that Bailey was his attorney. Bailey did not attempt to correct McClellan's misrepresentation, made at Bullard's deposition, that he was an attorney. And Bullard justifiably believed Bailey was representing him even after the deposition, evidenced by correspondence between the two and attempted settlement with Cave. Bailey also knew of McClellan's personal involvement in Bullard's case, and McClellan's financial problems. These facts support "cause in fact," as they sufficiently link Bailey's acts to Bullard's subsequent injury. It was reasonable for the trial court, sitting as the fact finder, to conclude that but for Bailey's negligence, Bullard would not have suffered from McClellan's fraudulent acts.

Bailey's second reason challenging cause in fact—that

McClellan's fraud was unforeseeable—is not properly framed within the "cause in fact" element of proximate cause. Instead, it is part of determining whether Bailey's actions are the "legal cause" of Bullard's damages. See WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS 250 (4th ed. 1971) (question of foreseeability "is in no way one of causation, and never arises until causation has been established. It is rather one of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results."). Accordingly, it is addressed below.

Legal Causation

■ Because there is factual causation, we next consider "logic, common sense, justice, policy, and precedent,' " *Hartley* at 779 (quoting *King* at 249) to determine whether liability attaches to Bailey for Bullard's damages. As a matter of policy, the foreseeability of intervening causes may also sever liability. "An intervening cause [or "superseding" cause in the Restatement] is one which comes into active operation in producing the result *after* the negligence of the defendant." PROSSER at 271. When an intervening cause is one that could reasonably be expected in ordinary human experience under the particular circumstances, negligence may adhere for failure to guard against it or because it could be expected alone. *Id.* at 272.

Bailey claims his negligence was not a legal cause of Bullard's damages because McClellan's fraud was perpetrated independent of Bailey's lack of supervision; it was unforeseeable. He asks this court to hold, as a matter of policy, that McClellan's fraud superseded Bailey's negligence. To support this argument, he purports he would not be responsible under the Rules of Professional Conduct (RPC), and he cites two very factually different authorities on intervening causes, *King* (securing building permit intentionally delayed and subsequent Army Corps of Engineers policy changes), and *Cook v. Seidenverg*, 36 Wn.2d 256, 217

P.2d 799 (1950) (apartment owner denied heat to tenant and subsequent fire caused by tenant's electric portable heater).

■ First, our Supreme Court has held the RPC may not be the basis for a legal malpractice action, may not be used as evidence of legal negligence, and may not be included in jury instructions in such suits. *See Hizey v. Carpenter,* 119 Wn.2d 251, 830 P.2d 646 (1992). Consequently, we find the RPC inapposite to Bailey's proximate cause argument.

Second, Bailey provides no compelling policy reasons why he should not be held accountable for McClellan's fraud. Under the circumstances presented, particularly McClellan's financial difficulties, unlawful legal practice, and Bailey's failure to correct Bullard's misapprehensions, ordinary human experience should have led Bailey to expect Bullard would suffer some harm at McClellan's hands, regardless whether it was the precise harm suffered. As a matter of policy, we conclude that insofar as McClellan's improper settlement was an intervening cause, it was reasonably foreseeable and warrants Bailey's responsibility for twenty percent of Bullard's actual damages and costs and attorney fees award.

Thus, because we find Bailey was both a cause in fact and a legal cause of Bullard's injury, the proximate cause element of negligence is satisfied.

## II. Mitigation

■■ Bailey's final request is that we assign fault to Bullard for failing to mitigate damages by not seeking to have the Cave settlement vacated under CR 60(b). The doctrine of avoidable consequences, or mitigation of damages, prevents an injured party from recovering damages that could have been avoided through reasonable efforts. *See Cobb v. Snohomish County,* 86 Wn. App. 223, 230, 935 P.2d 1384 (1997) (citing *Kloss v. Honeywell, Inc.,* 77 Wn. App. 294, 301, 890 P.2d 480 (1995)), *review denied,* 134 Wn.2d 1003, 953 P.2d 96 (1998). As the wrongdoer, it is Bailey's burden to prove Bullard failed to mitigate. *Id.* (citing *Bernsen*

*v. Big Bend Elec. Coop.*, 68 Wn. App. 427, 435, 842 P.2d 1047 (1993)).

As an exception to this doctrine, an injured party has no duty to mitigate damages caused by an intentional tort. *See id.* at 232 (citing *Wilson v. City of Walla Walla*, 12 Wn. App. 152, 153, 528 P.2d 1006 (1974)). Accordingly, Bullard argues he had no duty to mitigate because McClellan, Bailey's agent, acted intentionally. But this exception does not apply here because although McClellan's underlying acts were intentional, Bullard challenges only Bailey's failure to supervise McClellan, which the trial court concluded was negligent, not intentional.

Instead, we find Bullard had no duty to mitigate because the doctrine only requires he act as a reasonable person would. *See Cobb*, 86 Wn. App. at 233. " 'If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other is chosen.' " *Id.* at 233 (quoting *Hogland v. Klein*, 49 Wn.2d 216, 221, 298 P.2d 1099 (1956)). Under the facts and circumstances of this case, it would be unreasonable to require Bullard to reinstate his suit against Cave as a "mitigation" measure while Bailey was initially responsible for its dismissal, and Bullard had available to him the equally reasonable alternative to sue the tort-feasors for his losses. Thus, the trial court did not err, as a matter of law, in rejecting Bailey's mitigation defense.

Accordingly, we affirm.

KENNEDY, C.J., and BECKER, J., concur.

Reconsideration granted and opinion modified July 31, 1998.

Review denied at 137 Wn.2d 1014 (1999).