[No. 51744-9-I.   Division One.   October 6, 2003.]

PETER N. OLSEN, ET AL., *Appellants*, v. JEFFREY S. PESARIK, ET AL., *Respondents*.

*Thomas D. Adams* (of *Thomas D. Adams, P.S.*), for appellants.

*Kevin P. Hanchett* and *Quentin Wildsmith* (of *Lasher Holzapfel Sperry & Ebberson, P.L.L.C.*), for respondents.

GROSSE, J. — Statutes of limitations do not bar the defense of recoupment or offset as long as the main action itself is timely. In this case, the statutory equivalent of the main action is the nonjudicial foreclosure proceeding commenced by Roger W. Jones, the successor trustee under the deed of trust for which Jeffrey S. Pesarik is a beneficiary. The action commenced by Peter N. and Kimberly A. Olsen to restrain the trustee's sale is the proper means to assert defenses to the foreclosure, and the defenses asserted therein arise out of the transaction culminating in the deed of trust. Thus, they are not barred by the statutes of limitations. We reverse and remand for further proceedings.

## FACTS

Peter and Kimberly Olsen purchased a house from Jeffrey Pesarik and Brett Parcell in 1995. In a letter dated April 11, 1995, Pesarik received notice from the Housing Authority of Snohomish County that an inspection had revealed that the septic system was not functioning and must be replaced in order to continue a Section 8 housing contract. Pesarik did not inform the Olsens of this development; rather, he gave them a document stating that the system had been inspected and was in working order. The Olsens signed a promissory note secured by a deed of trust in the amount of $18,225 in favor of Pesarik and Parcell. The maturity date for payment of the note was April 13, 2000. The parties closed the transaction on April 17, 1995.

In a second letter dated April 25, 1995, the Housing Authority informed Pesarik that the Section 8 contract would be terminated as of May 31, 1995. On April 26, Pesarik obtained the Olsens' signatures on a release holding Pesarik and Parcell harmless from any liability related

to the septic system of the house. The release stated that the Olsens

> purchased th[e] property from Mr. Pasarik [sic] and Mr. Parcell and acknowledge having had full opportunity to inspect all aspects of the septic system and consult with legal counsel before executing this release. We further acknowledge there are likely defects in the septic system which may necessitate that it be completely replaced.

In a conversation on April 27, 1995, and in a letter dated May 1, 1995, the Housing Authority informed the Olsens of the problems with the septic system's drain field and other problems with the house. On August 31, 1995, the Olsens filed an action in superior court alleging fraud and misrepresentation and seeking rescission. They amended the complaint later to add a claim of breach of warranty and to seek damages rather than rescission. Pesarik and Parcell then filed for bankruptcy, staying the state court action.[1] Following the conclusion of the bankruptcy proceedings, the state court action was dismissed for want of prosecution.

On October 31, 2000, the Olsens tendered $5,300 in payment to fully satisfy the promissory note that was secured by the deed of trust. This amount represented the amount of the note plus interest less the cost of repairs to the septic system, which totaled $15,217. It appears from the record that Pesarik accepted this payment.

Nevertheless, on April 27, 2001, Jones, the successor trustee under the deed of trust held by Pesarik, commenced a nonjudicial foreclosure proceeding. In response to the notice of foreclosure, the Olsens filed an action in superior court to restrain the sale. They alleged misrepresentation, breach of warranty, nondischargeability of debt, and offset as defenses.

---

[1] 11 U.S.C. § 362(a): A bankruptcy petition "operates as a stay . . . of—(1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced . . . under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

The superior court subsequently granted Pesarik's summary judgment motion. It determined that the claims were barred by the applicable statute of limitations. The Olsens appealed.

## DISCUSSION

██ This court reviews an order of summary judgment de novo.[2] The Olsens contend that the trial court erred in granting summary judgment because their claim of offset was properly raised as a defense to the foreclosure and was not precluded by the statutes of limitations. "Statutes of limitation never run against defenses arising out of the transactions sued upon."[3] " '[A]s [long] as the courts will hear the plaintiff's case, time will not bar the defense which might be urged thereto and which grew out of the transaction connected with the plaintiff's claim . . .' ".[4] Recoupment or offset is one of the defenses that is not barred by the statutes of limitations "so long as the main action itself is timely."[5]

Washington's deed of trust act provides for nonjudicial foreclosure proceedings for deeds of trust. The act expressly provides that "[n]othing contained in this chapter shall prejudice the right of the . . . grantor . . . to restrain, on any proper ground, a trustee's sale."[6]

The Olsens apparently learned of the problems with the house on April 27 1995, 10 days after closing and the day after they signed the release. Any statutes of limitations relating to an action would run from that date, and the Olsens admit that their claims of fraud, misrepresentation,

---

[2] *CLEAN v. City of Spokane*, 133 Wn.2d 455, 462, 947 P.2d 1169 (1997).

[3] *Seattle-First Nat'l Bank v. Siebol*, 64 Wn. App. 401, 407, 824 P.2d 1252 (1992) (citing *Allis-Chalmers Corp. v. City of N. Bonneville*, 113 Wn.2d 108, 112, 775 P.2d 953 (1989)).

[4] *Warren v. Wash. Trust Bank*, 19 Wn. App. 348, 363, 575 P.2d 1077 (1978) (quoting 51 AM. JUR. 2D *Limitation of Actions* § 76 (1970)), *aff'd*, 92 Wn.2d 381, 598 P.2d 701 (1979).

[5] *Seattle-First*, 64 Wn. App. at 407 (citing 51 AM. JUR. 2D, *supra* § 77, at 656).

[6] RCW 61.24.130(1).

and breach of warranty would be time barred in such an action. The Olsens also assert, and Pesarik does not deny, that they tendered $5,300 in payment of the promissory note on October 31, 2000. A review of the record indicates that Pesarik apparently accepted this payment.

Pesarik contends that in the current action the Olsens are seeking damages as plaintiffs in an affirmative action rather than raising defenses to the foreclosure. He relies on *Ur-Rahman v. Changchun Development, Ltd.,*[7] contending that it is dispositive. We disagree.

In *Ur-Rahman,* the purchaser of real property under a real estate contract filed an action to set aside a contract forfeiture proceeding, relying on alleged offsets. None of the offsets arose out of the transaction evidenced by the real estate contract.[8] Rather, they related to other matters. Moreover, the purchaser commenced the action to set aside the forfeiture after the time period for doing so that is set forth in the Real Estate Contract Forfeiture Act, chapter 61.30 RCW.[9] For these reasons, the claims were time barred and the purchaser's contention that they were actually offsets and defenses to the forfeiture was irrelevant.

Here, unlike *Ur-Rahman,* the Olsens timely assert an offset to the debt that is the basis of the nonjudicial foreclosure proceeding, as the deed of trust statute permits. Where the grantor of a deed of trust fails to take any action to prevent the foreclosure but waits to make any claims of defenses until after the trustee's sale has occurred, he has waived those defenses.[10] Without question, the offsets here arise out of the very transaction evidenced by the deed of trust that is the subject of the foreclosure. In contrast, the offsets asserted in *Ur-Rahman* did not arise out of the sale represented by the forfeited real estate contract; rather, they arose out of an oral lease and a separate purchase and sale agreement.

---

[7] 84 Wn. App. 569, 928 P.2d 1149 (1997).

[8] *Id.* at 573.

[9] *Id.* at 575.

[10] *Peoples Nat'l Bank of Wash. v. Ostrander,* 6 Wn. App. 28, 32, 491 P.2d 1058 (1971).

The main "action" in this case is not the Olsens' action but is the foreclosure proceeding, and it was not time barred. And because the timely action filed in superior court was the only proper means by which the Olsens could assert any defenses to the nonjudicial foreclosure,[11] they may assert those defenses respecting the transaction that is the subject of the foreclosure: the promissory note secured by the deed of trust that was part of the purchase.[12]

In short, the two cases are not comparable.

## CONCLUSION

Reversed and remanded for further proceedings.

Cox, A.C.J., and Schindler, J., concur.

---

[11] RCW 61.24.040(1)(f).

[12] *See Allis-Chalmers Corp.*, 113 Wn.2d at 112.

